United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSE ALFREDO SNOWBALL-PADRON, | § | |
|     **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-250** |
| | § | **Criminal No. 1:14-656-1** |
| **UNITED STATES OF AMERICA,** | § | |
|     **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 26, 2016, Petitioner Jose Alfredo Snowball-Padron ("Snowball-Padron") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1. Snowball-Padron seeks relief pursuant to the retroactive application of a recent United States Supreme Court decision. This is Snowball-Padron's second § 2255 petition and he failed to obtain authorization from the Fifth Circuit to file this petition. Because that authorization is a necessary predicate to consideration of the claim in this Court, this Court lacks jurisdiction to consider Snowball-Padron's petition. Accordingly, the Court recommends that Snowball-Padron's motion be dismissed without prejudice.

## I. Procedural and Factual Background

On August 26, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Snowball-Padron for illegally re-entering the United States, in violation of 8 U.S.C. § 1326. U.S. v. Snowball-Padron, Criminal No. 1:14-656-1, Dkt. No. 5 (J. Hanen, presiding) (hereinafter "CR").

### A.  Rearraignment

On October 9, 2014, Snowball-Padron entered a guilty plea – without a written plea agreement – before the Magistrate Judge to illegally re-entering the United States. CR Dkt. No. 13.

On that same day, the Magistrate Judge issued a Report and Recommendation that the District Judge accept Snowball-Padron's guilty plea. CR Dkt. No. 13.

**B. Pre Sentence Report**

In the final presentence report, Snowball-Padron was assessed a base offense level of eight, and was given a 16-level enhancement for a prior Texas state court conviction for burglary of a habitation. CR Dkt. No. 17, pp. 4-5.

Snowball-Padron received a three-level reduction for acceptance of responsibility. CR Dkt. No. 17, p. 5.  Thus, Snowball-Padron was assessed a total offense level of 21. Id.

Regarding his criminal history, Snowball-Padron had seven criminal convictions and was assessed 11 criminal history points. CR Dkt. No. 17, pp. 6-9.  Accordingly, he was given a criminal history category of V. Id.

The presentence report, based upon Snowball-Padron's offense level of 21 and criminal history category V, identified a guideline range of 70 to 87 months of imprisonment. Id., p. 13.

On January 12, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Snowball-Padron's guilty plea. CR Dkt. No. 22.

On that same day, the District Court held a sentencing hearing. CR Dkt. No. 30.  At that hearing, Snowball-Padron, via appointed counsel, sought a downward sentencing departure based on his extensive ties to the United States. CR Dkt. No. 30, pp. 4-5.  The Court denied that request. Id, p. 5.

At sentencing, the Government submitted the state court records for his prior conviction for burglary of a habitation as a sentencing exhibit to support the 16-level enhancement. CR Dkt. No. 23.  The indictment shows that Snowball-Padron was indicted for "with intent to commit theft, intentionally or knowingly enter[ing] a habitation without the effective consent" of the owner. Id, p. 9.  The exhibit was admitted without objection. CR Dkt. No. 30, p. 3.

The District Court sentenced Snowball-Padron to 72 months of incarceration, three years of supervised release, and a $100.00 special assessment – which was remitted. CR Dkt. No. 30, pp. 5-6.  The judgment was issued on January 23, 2015. CR Dkt. No. 28.

**C. Direct Appeal**

On January 13, 2015, Snowball-Padron filed a notice of appeal. CR Dkt. No. 24.  On

appeal, he argued that his 16-level sentencing enhancement for his burglary of a habitation conviction was invalid because the Texas definition of burglary was "broader than the generic contemporary definition of 'burglary of a dwelling' under U.S.S.G. § 2L1.2(B)(1)(A)(ii). CR Dkt. No. 37.  On August 18, 2015, the Fifth Circuit affirmed the conviction. Id.

Neither the Fifth Circuit nor the Supreme Court docket show that Snowball-Padron filed a petition for a writ of certiorari with the Supreme Court.  The petition for a writ of certiorari was required to be filed within 90 days of the entry of the appellate judgment. Sup. Ct. Rule 13.1.  Accordingly, the time for Snowball-Padron to file such a petition expired on November 13, 2015.  Snowball-Padron's conviction became final on that day. Clay v. U.S., 537 U.S. 522 (2003).

### D.  Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On January 19, 2016, Snowball-Padron filed his first § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Snowball-Padron v. U.S., Civil No. 16-15, Dkt. No. 1 (hereafter "CV1").  In that motion, Snowball-Padron asserted two bases for relief, which the Court restated as a single argument claiming relief. Snowball-Padron claimed that his trial and appellate counsel was ineffective for failing to object to the 16-level sentencing enhancement for previously committing a crime of violence. Dkt. No. 1, p. 4.  Snowball-Padron asserted that a burglary of a habitation conviction under Tex. Pen. Code § 30.02(a)(3) does not qualify as a crime of violence and his lawyers should have made that argument. Id.

On June 24, 2016, the Magistrate Judge issued a report and recommendation, which recommended that the petition be denied. CV1, Dkt. No. 6.  On July 28, 2016, the District Judge adopted the report and recommendation in full, denying Snowball-Padron's petition. CV1, Dkt. No. 10.

### E. Instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On September 26, 2016, Snowball-Padron filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  In this motion, Snowball-Padron asserts that prior conviction for burglary of a habitation is no longer a crime of violence as a result

of the Supreme Court's decision in <u>Mathis v. U.S.</u>, 136 S. Ct. 2243 (2016). Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the Court clearly lacks jurisdiction to consider the petition, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Snowball-Padron seeks relief under 28 U.S.C. § 2255.  Dkt. No. 1, p. 1.  As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A second petition is barred under this rule, unless it has been certified by the court of appeals.  That language provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section <u>is filed in the district court</u>, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." (emphasis added). Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the appeals] court has granted the petitioner permission to file one." U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

## III. Analysis

The dispositive questions in the current posture of Snowball-Padron's petition are what constitutes a successive petition and – in the event of a successive petition – does this Court have jurisdiction over such claims, without a prior order of the Circuit Court. As to the first, for the reasons discussed below, the instant petition is a successive petition. As to the second, this Court lacks jurisdiction over such claims without a prior order of the Circuit Court. Because Snowball-Padron has failed to demonstrate that he has obtained such an order, the Court lacks jurisdiction to consider the petition and it should be dismissed.

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003)). The instant petition attacks the same judgment of conviction as the first habeas petition filed by Snowball-Padron. Under the broad rule of Hardemon, it is a successive petition.

Snowball-Padron argues that his petition is based on a new rule of constitutional law that was made retroactive on collateral review by the Supreme Court. Mathis, 136 S.Ct. 2243.

As relevant here, it is clear that petitions premised upon "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court)" constitute successive petitions. Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009) (parentheses original).[1] Indeed, the relevant statute categorizes a second habeas petition to

---

[1] Leal Garcia was a § 2254 habeas case; the Fifth Circuit has held that the same "second or successive" analysis applies to both § 2254 and § 2255 petitioners. In re Parker, 575 F. App'x 415, 417 n. 2 (5th Cir. 2014) (unpubl.) (citing In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012)).

be one based on new rules of constitutional law. <u>See</u> 28 U.S.C. § 2244(B)(2)(A) (stating that "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

This holding does not prohibit Snowball-Padron from pursuing this claim. In certain circumstances, successive claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to hear the case. <u>Key</u>, 205 F.3d at 774. That is the case, here.

Snowball-Padron has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Snowball-Padron to file his claim in this Court. Absent such an authorization, this Court lacks jurisdiction to hear Snowball-Padron's claim. Thus, the Court is precluded from considering the merits of Snowball-Padron's claim.

This petition should be dismissed without prejudice so Snowball-Padron can seek relief at the Fifth Circuit.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Jose Alfredo Snowball-Padron 's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED** without prejudice to refiling at the Court of Appeals for the Fifth Circuit.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 3, 2016.

Ronald G. Morgan
United States Magistrate Judge